IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH RICKETTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-341-STE |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

I. **PROCEDURAL BACKGROUND**

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision on January 13, 2017. (TR. 18-33). The Appeals

Council denied Plaintiff's request for review,[1] and Mr. Ricketts filed an appeal in federal court. (TR. 762-765). The parties consented to jurisdiction with this Court, which reversed and remanded the case. (TR. 766-777). The remand was based on the ALJ's failure to properly evaluate the opinion of Plaintiff's treating physician, Dr. James Odor, who treated Plaintiff for back pain between February 2008 and March 2014. (TR. 772-777).

Of particular import was Dr. Odor's May 13, 2013 opinion which stated that Plaintiff had limitations involving "no repetitive … twisting." (TR. 529-30). Although at that time, Dr. Odor stated that Plaintiff had achieved "maximum medical improvement," on January 13, 2014, Dr. Odor stated that he would send a final report regarding Plaintiff's "permanent restrictions" following a "functional capacities evaluation" (FCE). (TR. 521). The FCE was performed on February 20, 2014 and stated that Mr. Ricketts could "occasionally" climb, but that Plaintiff refused to be tested on abilities involving axial rotation, crouching and stooping. (TR. 518). In the report and final letter dated March 4, 2014, Dr. Odor stated:

> Mr. Ricketts' positional/agility tests indicate the position of kneeling, crouching/squatting, stooping, axial rotation and overhead reaching were unable to be evaluated today secondary to Mr. Ricketts voluntarily ending his FCE…. This report indicated the presence of low physical effort [and] would indicate the result of this evaluation for [Plaintiff] **IS NOT** a reliable representation of his current safe functional abilities.

(TR. 518-519) (emphasis in original).

In the first unfavorable decision, the ALJ summarized a good deal of Dr. Odor's treatment notes and specifically cited Dr. Odor's May 13, 2013 opinion involving

---

[1] (TR. 1-3).

2

"permanent restrictions including no repetitive … twisting." (TR. 26). However: (1) the ALJ did not state whether she believed the opinion or had accorded it any weight, (2) the ALJ did not comment on Dr. Odor's FCE report, and (3) the RFC did not discuss twisting. (TR. 24-26). As a result, the Court remanded based on the ALJ's failure to properly evaluate Dr. Odor's opinion regarding Plaintiff's ability to twist. In doing so, the Court noted that "the record was ambiguous on the issue of twisting" in light of: (1) Dr. Odor's May 13, 2013 opinion which allowed for no repetitive twisting, (2) an opinion from a treating physician's assistant on June 7, 2016, that Plaintiff had been suffering severe back pain which was "ach[ing], deep, discomforting, stabbing, and throbbing" when he did any "twisting movement," and (3) Dr. Odor's FCE which post-dated the May 13, 2013 opinion, but was inconclusive on the issue of twisting. (TR. 775-776).

Ultimately, the Court stated:

> In sum, the ALJ erred in failing to explain the weight [s]he provided to any of Dr. Odor's opinions. On remand, the ALJ should re-evaluate Dr. Odor's opinion, and if necessary, seek a consultative examination for clarification of any issues regarding Plaintiff's work-related limitations. The ALJ shall explain h[er] reasons for the weight accorded to Dr. Odor's opinions so that any subsequent reviewer is able to ascertain the ALJ's reasoning.

(TR. 776-777).

Following a second administrative hearing, the same ALJ issued another unfavorable decision, and Plaintiff filed an appeal in this Court, seeking a review of that decision. *See* TR. 694-710; ECF No. 1.

## II.　THE SECOND ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity between his alleged onset date of February 4, 2008 through his last date insured, June 30, 2013. (TR. 696). At step two, the ALJ determined that through the date last insured, Mr. Ricketts had the following severe impairments: degenerative disc disease of the lumbar spine; diabetes mellitus; obesity; depressive disorder; and anxiety disorder. (TR. 696). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 697).

At step four, the ALJ concluded that Mr. Ricketts retained the residual functional capacity (RFC) to:

> [P]erform less than the full range of sedentary work (20 CFR 404.1567(a)). He could lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently. He can stand/walk two hours and sit six hours during an eight-hour day. He could not climb ladders, ropes, or scaffolds. He could occasionally climb stairs and ramps, kneel, crouch, crawl, stoop, bend, and twist. He could understand, remember, and carry out simple and some complex tasks with routine supervision. He could have occasional contact with the public. He could not do customer service work. He is able to interact appropriately with supervisors and co-workers. He is able to adapt to work situations.

(TR. 700). With this RFC, the ALJ concluded that Plaintiff was unable to perform any past relevant work. (TR. 709). As a result, the ALJ made additional findings at step five. There, the ALJ presented several limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 725-726).

Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 726-727). The ALJ adopted the testimony of the VE and concluded that Mr. Ricketts was not disabled based on his ability to perform the identified jobs. (TR. 710).

### III.   ISSUE PRESENTED

On appeal, Plaintiff alleges the ALJ erred in failing to comply with the Court's remand Order regarding the consideration of Dr. Odor's opinion.

### IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. THE ALJ'S EVALUATION OF DR. ODOR'S OPINION

In his sole proposition of error, Plaintiff alleges the ALJ failed to comply with this Court's remand Order regarding the evaluation of Dr. Odor's opinion on Mr. Ricketts' ability to twist. (ECF No. 17:4-9). The Court agrees.

As stated, the issue previously before the Court concerned Dr. Odor's May 13, 2013 opinion of "no repetitive twisting." *See supra*. On remand, the Court ordered the ALJ to:

> re-evaluate Dr. Odor's opinion, and if necessary, seek a consultative examination for clarification of any issues regarding Plaintiff's work-related limitations. The ALJ shall explain h[er] reasons for the weight accorded to Dr. Odor's opinions so that any subsequent reviewer is able to ascertain the ALJ's reasoning.

(TR. 776-777). With these instructions, and in the second administrative hearing, the ALJ made the following findings with respect to Dr. Odor's opinion:

> The Administrative Law Judge has evaluated the opinions of Dr. Odor as directed by the District Court. During the course of treatment, Dr. Odor placed various temporary restrictions upon the claimant's functioning. These limitations varied as the claimant healed from surgical procedures. On May 13, 2013, Dr. Odor found the claimant had reached maximum medical improvement and released him from care with permanent restrictions of no repetitive bending, twisting, or lifting greater than 20 pounds, and, additionally, no pushing/pulling greater than 20 pounds and no crawling or climbing. Great weight is given to this opinion. Dr. Odor treated the claimant for his orthopedic condition and was very familiar with his condition and course of treatment at the time he made this statement. His statement is accompanied by numerous treating notes, and the limitations are consistent with such notes as well as with the other medical evidence of record. The limitations have been incorporated into the above residual functional capacity.

(TR. 708).

Based on this discussion, the Court finds that the ALJ *did:* (1) re-evaluate Dr. Odor's opinion and (2) explain his reasons for granting the opinion "great weight." *See* TR. 708. However, the Court is unable to follow the ALJ's reasoning based on the obvious discrepancy between Dr. Odor's opinion which allows for no repetitive twisting and the RFC, which allows for occasional twisting, considering that Dr. Odor's opinion is the only one cited in the entire decision concerning Plaintiff's ability to twist. *Compare* TR. 529-30 (Dr. Odor's opinion) *with* TR. 700 (the RFC); *see* TR. 694-710 (the administrative decision). As stated previously, the error cannot be deemed harmless or salvaged by the step five findings that Mr. Ricketts can perform certain jobs. *See* TR. 776 (Court's remand Order stating that "testimony from a VE is required regarding whether a particular job could be performed with a twisting limitation because that particular limitation is not addressed by the Selected Characteristics of Occupations (SCO) which applies to jobs outlined in the DOT."). As a result, the Court concludes that remand for further evaluation of Dr. Odor's opinion is warranted.

On remand, the ALJ shall re-evaluate Dr. Odor's May 13, 2013 opinion regarding Plaintiff's inability to twist. If there exists any ambiguity regarding whether that opinion was Dr. Odor's definitive opinion on the issue, the ALJ shall seek a consultative examination or re-contact Dr. Odor for clarification. The ALJ shall explain his/her reasons for the weight accorded to Dr Odor's opinion, and if there exists a discrepancy between Dr. Odor's opinion and the RFC, the ALJ shall explain the same. Any explanation shall be supported by evidence in the record sufficient to allow a subsequent reviewer to ascertain the ALJ's reasoning.

## VI.   PLAINTIFF'S REQUEST FOR REMAND WITH AN IMMEDIATE AWARD OF BENEFITS

Plaintiff has requested a remand for an award of immediate benefits. (ECF No. 17:9). The Court declines Plaintiff's request.

District courts have discretion to remand either for further administrative proceedings or for an immediate award of benefits. *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In making this decision, courts should consider both "the length of time the matter has been pending and whether or not given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (internal quotation and citation omitted) (remanding for an immediate award of benefits where, *inter alia*, the application had been pending for more than five years). When the Commissioner has failed to satisfy his burden of proof at step five, and when there has been a long delay as a result of her erroneous disposition of the proceedings, remand for an immediate award of benefits may be appropriate. *Ragland*, 992 F.2d at 1060 (remanding for an immediate award of benefits "[i]n light of the Secretary's patent failure to satisfy the burden of proof at step five[ ] and the long delay [of at least four years] that has already occurred as a result of the Secretary's erroneous disposition of the proceedings[.]"). The Commissioner "is not entitled to adjudicate a case *ad infinitum* until [she] correctly applies the proper legal standard and gathers evidence to support [her] conclusion." *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993).

This case has been remanded once and Plaintiff has been subject to two prior administrative hearings. Indisputably, these factors weigh in favor of remanding for an award of benefits rather than further administrative proceedings. However, the Court cannot definitively say that additional fact-finding would serve no useful purpose. Thus, the Court denies Plaintiff's request for remand with an award of immediate payment of benefits.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on January 16, 2020.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE